UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHANEE MALDONADO, | No. 2:21-cv-01243 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| B. KEBLER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subject to cruel and unusual punishment by the defendants in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the court will recommend that the motion to proceed in forma pauperis be denied.

**IN FORMA PAUPERIS**

**I.    In Forma Pauperis Statue**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

1

>     may be granted, unless the prisoner is under imminent danger of
>     serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.     Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveal that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges have previously found that plaintiff has accrued three strikes. See Maldonado v. Lizarraga, No. 2:15-cv-2682, 2017 U.S. Dist. LEXIS 72379, at *2 (E.D. Cal. May 10, 2017); Maldonado v. Lizaraga, No. 2:15-cv-2436, 2016 U.S. Dist. LEXIS 4925, at *2 (E.D. Cal. Jan. 14, 2016). The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts). Those cases include: (1) Maldonado v. Yates, et al., 1:11-cv-01735 LJO GSA (E.D. Cal. Jun. 13, 2013) (dismissed for failure to state a claim upon which relief may be granted); (2) Maldonado v. Trimble, et al., 1:11-cv-02160 LJO DLB (E.D. Cal. Apr. 19, 2013) (dismissed for failure to state a claim upon which relief may be granted); (3) Maldonado v. Yates, et al., 1:11-cv-01885 AWI JLT (E.D. Cal. Jan. 17, 2014) (dismissed for failure to state a claim upon which relief may be granted). These strikes all occurred prior to plaintiff's initiation of the present action on July 15, 2021.

### III. Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint. (ECF No. 1.) Therein plaintiff alleges that he was placed in an "unsanitized" cell while he was in "COVID19 isolation." (Id. at 4.) Plaintiff also alleges that he was given a food which had two hairs in it but that CDCR staff did nothing about it. (Id.) Plaintiff claims to still be suffering from the effects of the COVID-19 virus. (Id.) These allegations do not to show that he was under imminent threat of serious physical injury at the time he filed the complaint. Plaintiff claim appears to be that he was previously forced into unsanitary conditions while he was sick with the COVID-19 virus. This does not implicate an imminent threat of serious physical injury that was present at the time the complaint was filed. Accordingly, the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g) and should only be allowed to proceed with this action if he pays the filing fee.

////

////

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED the Clerk of the Court randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied;
2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and
3. The court order plaintiff to pay the $400 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/mald1243.3strikes

4